UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HSBC BANK, USA, N.A., AS TRUSTEE ON BEHALF OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST AND FOR THE REGISTERED HOLDER OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-ASAP5, ASSET BACKED PASSTHROUGH CERTIFICATES,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY NATIONAL TITLE GROUP, INC.; CHICAGO TITLE INSURANCE COMPANY; TICOR TITLE OF NEVADA, INC.; DOE INDIVIDUALS I through X; and ROE CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | Case No. 2:21-cv-00153-KJD-NJK<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Before the Court are Plaintiff's Motion to Remand (ECF #6) and Motion for Attorney Fees (ECF #7). Defendant responded in opposition (ECF #18) to which Plaintiff replied (ECF #22).

I.  Background

On May 11, 2021, the parties stipulated to stay this action pending the appeal of a similar case. (ECF #26). The Ninth Circuit issued its ruling on the appeal on November 5, 2021. Wells Fargo Bank, N.A. v. Fidelity Nat'l Title Ins. Co., No. 19-17332, 2021 WL 5150044 (9th Cir. Nov. 5, 2021). The parties have not requested that the stay be lifted, but the purpose of the stay was to await the resolution of that appeal. As such, the Court lifts the stay to rule on the instant motion. Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) ("[A] district court possesses the inherent power to control its docket and promote efficient use of judicial resources.").

This is a breach of contract and insurance bad faith lawsuit arising from a title insurance claim. (ECF #6 at 2). HSBC Bank, USA, N.A. ("HSBC Bank") is the beneficiary of a deed of trust encumbering real property in Nevada. Id. HSBC Bank alleges that Ticor Title of Nevada, Inc. ("Ticor Nevada") and Chicago Title Insurance Company ("Chicago Title") entered into a contractual relationship insuring the deed of trust in superior position to competing liens. Id. at 3. The Homeowners Association ("HOA") eventually foreclosed on its lien in April 2015. Id. HSBC Bank filed the instant lawsuit in Nevada state court on January 28, 2021. Id. at 4. Chicago Title removed the case to this Court on the same day. Id. HSBC Bank now moves for remand, arguing that Chicago Title's "snap removal" is procedurally improper. Id. Chicago Title contends that under the plain language of the removal statute, snap removal is proper. Id. at 14. Chicago Title also argues that Ticor Nevada is a fraudulently joined defendant who was only added to trigger the forum defendant rule and prevent removal to federal court. Id. at 14. Chicago Title is a Florida corporation with its principal place of business in Florida; Fidelity National Title Group, Inc. is a Delaware corporation with its principal place of business in Florida; HSBC Bank is a national banking association with its main office in Virginia; and Ticor Nevada is a Nevada corporation with its principal place of business in Nevada. (ECF #1, at 2).

There are many similar actions currently being litigated in Nevada and this issue of snap removal has become a common question. To date, six judges in the District of Nevada have ruled on the issue.[1] Five, including this Court, have found that snap removal is improper and remanded the cases to state court, while one judge has denied remand, ruling that the snap removal is an acceptable practice according to the plain language of the statute.[2] The Court joins the majority

---

[1] See Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortg. Inv. Tr. 2007-1 v. Old Republic Title Ins. Grp., Inc., 532 F.Supp.3d 1004, 1010–11 n.3 (D. Nev. 2021); U.S. Bank Tr. Nat'l Ass'n v. Fidelity Nat'l Title Grp., Inc., No 2:20-cv-02068-JCM-VCF, 2021 WL 223384 (D. Nev. Jan. 22, 2021); HSBC Bank USA, Nat'l Ass'n as Tr. for Certificateholders of ACE Secs. Corp. Home Equity Loan Tr., Series 2007-MW1, Asset-Backed Pass-through Certificates v. Fidelity Nat'l Title Grp., Inc., 508 F.Supp.3d 781 (D. Nev. 2020); Wells Fargo Bank, N.A. as Tr. of Holders of Harborview Mortg. Loan Tr. Mort. Loan Pass-through Certificates, Series 2006-12 v. Fidelity Nat'l Title Grp., Inc., No. 2:20-cv-01849-APG-NJK, 2020 WL 7388621 (D. Nev. Dec. 15, 2020); Deutsche Bank Nat'l Tr. Co. v. Fidelity Nat'l Title Grp., Inc., No. 2:20-cv-01606-APG-BNW, 2020 WL 7360680 (D. Nev. Dec. 15, 2020); Sparks v. Mamer, No. 2:20-cv-0661-KJD-VCF, 2020 WL 6820796 (D. Nev. Nov. 20, 2020).

[2] See U.S. Bank, N.A. as Tr. to Wachovia Bank Nat'l Assoc. v. Fidelity Nat'l Title Grp., Inc., No. 2:21-cv-00339-GMN-VCF (D. Nev. Nov. 29, 2021).

of the judges in the District and finds that Defendant's snap removal prior to service was improper and the forum defendant rule requires a remand to state court.

II.     Legal Standard

Federal courts are courts of limited jurisdiction. See U.S. CONST. art. III, § 2, cl. 1; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). Accordingly, there is a strong presumption against removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). A defendant may remove any civil action from state court when the federal district court has original jurisdiction. 28 U.S.C. § 1441(a). A diversity case cannot be removed if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Id. at § 1441(b)(2). Courts strictly construe the removal statute against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to right of removal in the first instance." Gaus, 980 F.2d at 566. The removing party bears the burden of establishing federal jurisdiction. California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2007).

Removal based on diversity jurisdiction requires complete diversity, meaning "the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). However, when "determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018) (citing Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 152 (1914)).

III.    Analysis

Chicago Title argues that the plain language of the removal statute permits removal of this action. Chicago Title focuses on the language of the statute, which states that diversity actions may not be removed "if any of the parties in interest **properly joined and served** as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). This is known as the forum defendant rule. Chicago Title argues that because it removed the action prior to any defendant being served, the forum-defendant rule does not apply. Additionally, Chicago Title argues that Ticor Nevada, the forum defendant, was

fraudulently joined, and as such, the Court should ignore its citizenship when making a diversity determination. HSBC Bank argues that this removal promotes gamesmanship by defendants and undermines the purpose of the forum defendant rule.

### A. Ticor Nevada was not Fraudulently Joined

Fraudulent joinder can be established two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Grancare, LLC, 889 F.3d at 548 (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)) (internal quotation marks omitted). Under the second prong, a fraudulent joinder "fails to state a cause of action against the resident defendant" if "the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). Put differently, the defendant need show that a non-diverse party joined in the action cannot be liable on any theory. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" Grancare, LLC, 889 F.3d at 548 (9th Cir. 2018) (quoting Hunter, 582 F.3d at 1046). The Ninth Circuit has "declined to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." Id.

Chicago Title argues that removal was proper because the only forum defendant, Ticor Nevada, was fraudulently joined. (ECF #18, at 1). HSBC Bank brings five claims against Ticor Nevada: (1) declaratory judgment on the insurance policy; (2) breach of contract; (3) bad faith and breach of the covenant of good faith and fair dealing; (4) deceptive trade practices under NRS § 41.600 and NRS § 598.0915; and (5) unfair practices in settling claims under NRS § 686A.310 (ECF #1, at 21–29).

The Court cannot find that HSBC Bank has failed to state a cause of action against Ticor Nevada. Chicago Title contests the validity of HSBC Bank's contract claims, alleging Ticor Nevada was not a party to the contract. To support its assertion, Defendant argues that Ticor Nevada did not underwrite the policy. In addition, Chicago Title attacks the alter-ego allegations

against Ticor Nevada as an alternative form of liability. However, Chicago Title largely overlooks HSBC Bank's claims against Ticor Nevada for deceptive trade practices under NRS 41.600 and 598.0915 and unfair claim-settling practices under NRS 686A.310. Chicago Title's only argument that these claims are fruitless is that the statute of limitations has expired given the "purported misrepresentation occurred 15 years ago." (ECF #18, at 17). However, actions "against a person alleged to have committed a deceptive trade practice . . . shall be deemed to accrue when the aggrieved party discovers, or by the exercise of due diligence should have discovered, the facts constituting the deceptive trade practice." Nev. Rev. Stat. § 11.190(2)(d). HSBC Bank alleges that it was not aware of deceptive trade practice until it discovered the internal memoranda and guidelines that Defendants allegedly withheld. (ECF #22, at 13). The fact that the purported misrepresentation occurred over 15 years ago, as Chicago Title argues, is irrelevant. The important question is when HSBC Bank discovered or reasonably should have discovered facts giving rise to the action. Based on the complaint, the claim likely occurred within the statute of limitations period when HSBC discovered that defendants hid internal memoranda and guidelines that concealed coverage.

At this stage in the litigation, the Court will not conduct a "searching inquiry into the merits of the plaintiff's case against the forum defendant." HSBC Bank, 508 F.Supp.3d at 786 (internal citations omitted). Instead, the Court finds that there is a possibility that a state court would find that the complaint states a cause of action against [the forum defendant . . . and] must find that the joinder was proper." Id.

### B.  Chicago Title's Snap Removal was Improper

Chicago Title argues that its snap removal is a valid means of avoiding the forum defendant rule. It urges the Court to follow the appellate courts that have reviewed § 1441(b)(2) and found the statute allows the tactic. HSBC Bank argues that allowing snap removal would contravene the statute's purpose. Both sides acknowledge that the Ninth Circuit has yet to review the specific question. The Courts in this District who have reached the question have almost uniformly held that 'snap removal' is improper under 28 U.S.C. § 1441(b)(2). Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortg. Inv. Tr. 2007-1 v. Old Republic Title Ins. Grp., Inc.,

532 F.Supp.3d 1004, 1010–11 n.3 (D. Nev. 2021) (collecting cases).[3]

When interpreting a statute, the Court looks first to the plain language of the statute to discern congressional intent. See, e.g., Zuress v. Donley, 606 F.3d 1249, 1252–53 (9th Cir. 2010). "It is well established that when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004) (quoting Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6, (2000)) (internal quotation marks omitted). The court "may not adopt a plain language interpretation of a statutory provision that directly undercuts the clear purpose of the statute." Albertson's, Inc. v. C.I.R, 42 F.3d 537, 545 (9th Cir. 1994).

Some appellate courts have determined that the "properly joined and served" language in § 1441(b)(2) renders the statue clear and unambiguous, allowing snap removal before any defendant is served. However, not all courts agree. Many judges from this district reason that the word "any" in "any of the parties in interest properly joined and served" necessarily means that the statute assumes one party has been served. 28 U.S.C. § 1441(b)(2) See Wells Fargo Bank, N.A. v. Old Republic Title Ins. Grp., Inc., No. 2:20-cv-00461-JCM-NJK, 2020 WL 5898779, at *2 (D. Nev. Oct. 5, 2020). The fact that reasonable jurists differ on the statute's language evidences its ambiguity. Whether the language is ambiguous or not, Chicago Title's interpretation would render the forum defendant rule impotent.

The purpose of the removal power is to "protect non-forum litigants from possible state court bias in favor of forum-state litigants." Gentile v. Biogen Idec, Inc., 934 F.Supp.2d 313, 319 (D. Mass. Feb. 21, 2013). Forum defendants are not at such a risk and their presence "presumably mitigates concerns of state-court bias toward the plaintiff." HSBC Bank, 508 F.Supp.3d at 789. The language regarding a defendant who is "properly joined and served" was added to the removal statute in 1948. Gentile, 934 F.Supp.2d at 319. The Gentile court's review of Supreme Court precedent at that time "suggests the purpose of the 'properly joined and

---

[3] One case disagrees with the other courts in the District and ruled that remand was improper. U.S. Bank, N.A. as Tr. to Wachovia Bank Nat'l Assoc. v. Fidelity Nat'l Title Grp., Inc., No. 2:21-cv-00339-GMN-VCF (D. Nev. Nov. 29, 2021).

served' language was to prevent plaintiffs from defeating removal through improper joinder of a forum defendant," not to give defendants a loophole to avoid the forum defendant rule. Id. at 319–20. Snap removal prior to service does not aid in preventing the defeat of removal through improper joinder.

The Court finds that adopting Chicago Title's interpretation of the statute would "undercut the clear purpose" of the forum defendant rule and encourage defendants to hijack a plaintiff's choice of forum by racing to remove prior to service. Albertson's, Inc., 42 F.3d at 545. The Court will not apply the statute in a way that would "eviscerate the purpose of the forum defendant rule." Mass. Mut. Life Ins. Co. v. Mozilo, 2012 WL 11047336, *2 (C.D. Cal. June 28, 2012) (citation omitted). By remanding to state court, the Court "provides some measure of protection for a plaintiff's choice of forum" while interpreting the statute in favor of remand, as required. HSBC Bank, 508 F.Supp.3d at 789 (quoting Gentile, 934 F.Supp.2d at 319); Gaus, 980 F.2d at 566.

### C. HSBC Bank Trustee is not Entitled to Attorney's Fees

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision to award attorney fees is left to the discretion of the court. Martin v. Franklin Capital Corp., 546 U.S. 132, 139 (2005). "[A]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only [when] the removing party lacked an objectively reasonable basis for seeking removal." Martin, 546 U.S. at 136. Therefore, courts in the Ninth Circuit assess the clarity of the relevant law to determine whether there was an objectively reasonable basis for removal. See Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1066 (9th Cir. 2008) ("[T]he test is whether the relevant law clearly foreclosed the defendant's basis of removal.").

HSBC Bank argues that Chicago Title has engaged in jurisdictional gamesmanship removing every title insurance case immediately after it is filed. HSBC Bank highlights the consensus among the District's judges that the tactic contorts the meaning and purpose of the removal statue. However, the propriety of snap removal is a contested issue with supporting caselaw that the Ninth Circuit has not ruled on. Because Chicago Title had an objectively

reasonable basis for removal, the Court declines to award HSBC Bank the fees and costs it incurred because of the removal.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Remand (ECF #6) is **GRANTED.**

IT IS FURTHER ORDERED that Plaintiff's Motion for Attorney Fees (ECF #7) is **DENIED**.

Dated this 25th day of March, 2022.

```
                                    _____
                                    Kent J. Dawson
                                    United States District Judge
```